UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL C. BOLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 1:25-cv-00515 (UNA) |
| | ) |
| | ) |
| DENIS MCDONOUGH, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **MEMORANDUM OPINION**

This matter is before the court on plaintiff's *pro se* civil complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application, and for the reasons discussed below, the court dismisses this matter without prejudice.

Plaintiff sues the Secretary of Veterans Affairs ("VA"), and contends that he was "incorrectly denied past benefits [from] 1978–2019." *See* Compl. at 1–2. He asserts that VA's Oakland Regional Office acted on his benefits claim without jurisdiction, and unreasonably mandated that he attend a medical examination in another state, thus dooming his claim for benefits. *See id*. at 2–5. He demands that this court "correct" and "strike" this denial, remand his benefits claims to the Board of Veterans' Appeals, and direct the Board to award him those benefits. *See id.* at 1, 6.

Challenges to decisions "affecting the provision of veterans' benefits" are generally the exclusive province of the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit. *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam); *accord Hunt v. U.S. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (per curiam)

(citing 38 U.S.C. § 511(a)); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e).

Therefore, this court lacks "subject matter jurisdiction over the complaint." *Price*, 228 F.3d at 421 (citing 38 U.S.C. § 511(a)); *see id*. at 422 ("[C]ourts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction.") (citing cases)); *see also Thomas*, 394 F.3d at 975 ("Because adjudicating . . . allegations [of] failure to render appropriate medical services and denial of . . . necessary medical care treatment would require the district court to determine first whether the VA acted properly in providing . . . benefits, [such] claims are barred by section 511.") (internal quotation marks and omitted).

For these reasons, the action is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 17, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge